## WOODWARD & STILLMAN *v.* ROLLIN AMSDEN.

### *Sheriff's Fees for Serving Writ of Replevin.* R. L. s. 4503, 4547.

An officer is entitled—R. L. s. 4547—to charge for serving a writ of replevin for *taking and delivering* the property to the plaintiff, in addition to travel, copy, and appraiser's fees, such sum as would be in proportion to the fees provided in other cases for securing attached property; but not for transporting the property to the plaintiff; nor for holding it until a bond is taken, or, ordinarily, until appraisal.

QUESTION of costs. Heard by the court on appeal from the clerk's taxation, May Term, 1884, TAFT, J., presiding. It was an action of replevin; and judgment had been rendered for the plaintiff to recover one cent damages and costs. The clerk allowed the plaintiff $83.75, for sheriff's fees, as endorsed on the writ, and the defendant appealed.

The sheriff's fees were: "78 miles travel, $7.80; paid expenses of removing replevied cotton [to several different persons named and amount to each] $59; 3 days' attendance on replevin and appraisal of cotton, and personal expenses, $15; copy, $2; paid appraisers," &c. The plaintiff offered to show by witnesses, that all the items taxed and allowed by the clerk for expenses of replevying the cotton, were actually and necessarily incurred and paid by the sheriff in getting the property replevied out of the possession of the defendant, and keeping possession of the same until it was, within a reasonable time, appraised, the bond taken, and the property delivered to the plaintiff. The court excluded

the evidence; allowed only the items for travel, copy, and what was paid to the appraisers.

*Gilbert A. Davis*, for the plaintiff.

*Wm. Batchelder*, for the defendant.

The opinion of the court was delivered by

VEAZEY, J.   The question is not *what* fees shall be allowed an officer serving a writ of replevin for getting the property replevied out of the possession of the defendant and for keeping possession of the same until it was within a reasonable time appraised, the bond taken, and the replevied property delivered to the plaintiff; but it is whether *anything* shall be allowed him for expenses in any of these respects actually and necessarily incurred by him.   The statutory fee bill does not provide for such allowance.   It does provide that for securing property attached on *mesne* process a sheriff or other officer shall be allowed a reasonable sum as fees, subject to the revision and allowance of the court.   R. L. s. 4503.   It also provides, that officers and persons whose duty it is to record proceedings or *give copies*, shall, when no other provision is made, be allowed seven cents a folio therefor; and for *other* services such sums as are in proportion to the fees established by law.   R. L. s. 4547.   In *Henry* v. *Tilson*, 17 Vt. 479, it was decided that the right to compensation under this section was not confined to clerks and recording officers merely.   To constitute replevin the officer must take the property from the defendant and deliver it to the plaintiff.   *Miller* v. *Cushman*, 38 Vt. 593.   The plaintiff cannot recover as taxable costs the expense of the officer in transporting the property to the plaintiff.   Expense in that respect would be an element of damage for the defendant's wrongful detention. In contemplation of law the plaintiff is at hand to receive the property when taken by the officer from the defendant.   No costs are allowable for expense of holding the property

until a bond is taken, because by the statute the bond must be taken before the writ is served. Ordinarily, there would be no occasion for the officer to hold the property at expense for the purpose of appraisal; but we are not prepared to say a case might not arise where it would be improper to allow such an item. But it is plain, that the property to be replevied might be of a kind and amount and so situated that the officer must incur expense in the taking and delivery to the plaintiff for which no fees are provided except under section 4547, R. L. Under the construction given to that section in *Henry* v. *Tilson, supra,* we think the officer *might* under sufficient showing be entitled to an item of charge in addition to travel, copy, and appraisers' fees, such sum in fact as would be in proportion to the fees provided in other cases, as in securing and holding attached property.

The evidence offered but excluded in this case would tend to show a basis for the allowance of such item of charge. It was therefore error to exclude it.

The ruling of the County Court is therefore reversed and cause remanded.